**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| XINGANG ZHAO,<br><br>                          Petitioner,<br><br>          v.<br><br>JAMES JANECKA, et al.,<br><br>                          Respondents. | Case No. 5:26-cv-01993-AYP<br><br>**ORDER GRANTING PETITION AND ISSUING A WRIT FOR HABEAS CORPUS** |

### I.    SUMMARY

Petitioner, Xingang Zhao, citizen and national of the Peoples Republic of China and is currently detained in the Adelanto Detention Facility in Adelanto, CA. (Dkt. No. 1 at 4.) Petitioner last entered the United States on November 7, 2016, at New York, New York and was admitted as a B-2 visitor for pleasure until May 6, 2017. *Id*. On or about January 10, 2017, Petitioner filed a Form I-589 Application for Asylum with the U.S. Citizenship and Immigration Services ("USCIS") seeking protection from further persecution based upon his conversion to Christianity. *Id*. at 5. Petitioner received an appointment for his asylum interview on January 8, 2026, at the USCIS

Asylum Office in Tustin, California. *Id.* When Petitioner appeared for his asylum interview, he was taken into custody by Immigration Customs and Enforcement ("ICE") agents. *Id.* While in custody, he was served with a Notice to Appear ("NTA") listing the sole reason for the instigation of removal proceedings against Petitioner as overstaying his visitor visa status. *Id.* He has been detained in Adelanto Detention Center since January 9, 2026, and ICE has not provided him with any information as to why he was arrested.

On April 21, 2026, Petitioner filed this Writ of Habeas Corpus under 28 U.S.C § 2241, seeking an order requiring Respondents to release him from immigration detention and to enjoin Respondents from detaining Petitioner in the future without reasonable notice and opportunity to be heard. (Dkt. No. 1.) In their Answer, Respondents stated they "are not presenting an opposition argument." (Dkt. No. 10 at 2.) In light of Respondents' position, the Court finds that Petitioner has demonstrated that the Government violated his right to due process by detaining him without notice and an opportunity to be heard. The Court therefore grants the Petition and issues a writ of habeas corpus requiring Petitioner's immediate release and preventing his re-detention absent pre-deprivation notice and a hearing at which the Government must justify the need to detain him.

## II.    FACTUAL BACKGROUND

Petitioner, Xingang Zhao, citizen and national of the Peoples Republic of China and is currently detained in the Adelanto Detention Facility in Adelanto, CA. (Dkt. No. 1 at 4.) Petitioner last entered the United States on November 7, 2016, at New York, New York and was admitted as a B-2 visitor for pleasure until May 6, 2017. *Id.* On or about January 10, 2017, before his visa expired, Petitioner filed a Form I-589 Application for Asylum with the U.S. Citizenship and Immigration Services ("USCIS") seeking protection from

further persecution based upon his conversion to Christianity. *Id*. at 5. Petitioner waited over nine years for an asylum interview to be scheduled. *Id*. During these nine years Petitioner dutifully complied with USCIS requirements including provided his biometrics, informing USCIS whenever his address changed and maintaining valid employment authorization which permitted him to be employed as a truck driver. *Id*.

Petitioner received an appointment for his asylum interview scheduled for January 8, 2026, at the USCIS Asylum Office in Tustin, California. *Id*. When Petitioner appeared for his asylum interview, he was taken into custody by Immigration Customs and Enforcement ("ICE") agents. *Id*. While in custody, he was served with a Notice to Appear ("NTA") before an Immigration Judge. *Id*. The NTA listed the sole reason Petitioner is subject to removal from the United States was the overstaying of his visitor B-1 visa pursuant to 8 U.S.C. § 1227(a)(1)(B). *Id*. at 1-5. He has been detained in Adelanto Detention Center since January 9, 2026, and he was not provided with notice or an opportunity to be heard. (Dkt. No. 1.)

## III.   PROCEDURAL HISTORY

On April 21, 2026, Petitioner filed the instant habeas petition. (Dkt. No. 1.) He seeks a writ of habeas corpus directing Respondents to release him from custody and to enjoin Respondents from detaining Petitioner in the future without reasonable notice and an opportunity to be heard. *Id*. He argues he was not given notice nor an opportunity to be heard. *Id*. Also on April 21, 2026, Petitioner filed an Application for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction. (Dkt. No. 3.) The Court, on April 21, 2026, entered the Notice of General Order 26-05 and Briefing Schedule, directing Respondents to show cause why the writ of habeas corpus should not be granted and thereby adopting the standard

procedures and briefing schedule under the General Order. (Dkt. No. 6.) On April 23, 2026, the court issued a text only entry noting the action has been fully consented according to General Order 26-05, thus will proceed before a magistrate judge. (Dkt. No. 7.) The Court denied Petitioner's TRO and Preliminary Injunction on April 24, 2026, because "Petitioner cannot demonstrate the requisite basis for emergency relief under *Winter v. Natural Resources Defense Council*, because the alleged harm is already addressed through the expedited adjudication of the underlying habeas petition." (Dkt. No. 8.) Respondents filed their Answer on April 28, 2026. (Dkt. No. 10.) Respondents' response to the Petition states, "Respondents are not presenting any opposition argument at this time." *Id.* Therefore, the matter is fully briefed.

### IV.    DISCUSSION

The Court now turns to the merits of Petitioners' claims.

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). Petitioner's requested relief is a declaration that his continued detention violates the Fifth Amendment and an order that he be released immediately. (Dkt. No. 1 at 9.)

Respondents' choice to not oppose Petitioner's claims in their Answer is in effect a concession that the Petition should be granted. *See Singh v. Warden Desert View Annex, et al.*, No. 26-cv-00440-FMO-AJR, Dkt. 9 (C.D. Cal. Feb. 9, 2026) (granting petition where "the court construes respondents' failure to address petitioner's due process claim as a concession of petitioner's

4

argument"); *Soleimani v. Larose*, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"). *See also N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

Regardless, even if Respondents had not conceded the issue, the Court would grant the Petition on the merits of Petitioners' due process claim.

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts evaluate procedural due process claims in two steps: the first asks whether there exists a protected liberty interest, and the second examines the procedures necessary to ensure any deprivation of that interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

First, the Court finds Petitioner has a protected liberty interest in his continued freedom. *Morrissey*, 408 U.S. at 482.

Second, having found a protected liberty interest, the Court examines what process is necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.

The Court considers Petitioners' procedural due process claim under the familiar *Mathews v. Eldridge* framework, which considers: (1) the private interest at stake; (2) the risk of erroneous deprivation; and (3) the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

### 1. Private Interest

With respect to the first *Mathews* factor, Petitioner has a substantial private interest in his own liberty in maintaining his life out of custody. Petitioner has remained in the United States since November 7, 2016, and filed for Asylum on or about January 10, 2017. He has been out of custody for nine years waiting for his asylum appointment to be scheduled. (Dkt. No. 1 at 5.) "[A] person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated." *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017); *Garro Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.") (collecting cases). Additionally, this jurisdiction has found that "while [a] Plaintiff's asylum application is pending, [they are] permitted to live in the United States without fear of being removed to [their] home country before the final adjudication of [their] asylum application, and can even apply for employment authorization during the pendency of the application. 8 U.S.C. § 1158(d)(2); 8

C.F.R. § 208.7(a)." *Liuqing Zhu v. Cissna*, No. CV 18-9698 PA (JPRX), 2019 WL 3064458, at *4 (C.D. Cal. Apr. 22, 2019).

The Petitioner has resided in the United States for almost ten years before his detention. After filing his asylum application on January 10, 2017, he maintained valid employment working as a truck driver. (Dkt. No. 1 at 5.)

Respondents put forth no arguments or facts justifying a different conclusion in this case. Accordingly, Petitioner has a clear interest in his continued liberty protected by the Due Process Clause.

The Court therefore concludes that the Due Process Clause protects Petitioner's substantial liberty interest in maintaining his freedom from confinement.

## 2. Risk of Erroneous Deprivation

With respect to the second *Mathews* factor, the Court finds that "[t]here is an unacceptably high risk that the government would erroneously deprive— or already has erroneously deprived—Petitioner of [his] liberty interest absent a pre-detention hearing." *Cruz v. Lyons, No.* 5:25-CV-02879-MCS-MBK, 2025 WL 4051129, at *4 (C.D. Cal. Nov. 6, 2025). The "primary" purpose of immigration detention is to ensure a noncitizen's presence at removal proceedings or for removal, with a "secondary" purpose of preventing danger to the community. *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). But Petitioner has not been afforded any process to determine whether his detention in fact advances either purpose.

The record suggests that Petitioner is not a flight risk or danger. Since his filing for asylum on January 10, 2017, Petitioner has not given any reason to think he is a danger or a flight risk. Petitioner provided his biometrics, dutifully informed USCIS whenever his address changed and maintained valid employment authorization which permitted him to be employed as a

truck driver. (Dkt. No. 1 at 5.) Based on this record, the Court concludes that there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner's unnecessary detention.

### 3. Government Interest

As to the third *Mathews* factor, as many other courts have recognized, there is no meaningful countervailing government interest that supports the government's interest in detaining Petitioner without notice, reasoning, and a hearing. *Lozano Jose Luis v. J. Johnson et al*, No. 5:26-CV-01894-DOC-ACCV, 2026 WL 1104328, at *4 (C.D. Cal. Apr. 17, 2026) The government has the capability to hold such a hearing and provide the requisite notice. *Id.* Forcing the government to comply with proper procedures imposes a very low burden. *See Pinchi*, 792 F. Supp. 3d at 1038–39; *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.").

Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most 'minimal[.]'" *Sun v. Santacruz,* No. 5:25-CV-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (quoting *Doe v. Becerra,* 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews,* 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that the Government's lack of constitutionally-adequate procedures has resulted in his unnecessary detention, and the Government's interest in refusing to provide such process

is minimal. The Court therefore concludes that the Government's detention of Petitioner without adequate pre-deprivation process violated due process. Accordingly, the Court orders Petitioner's forthwith release and prevents his re-detention absent pre-deprivation notice and a hearing at which the Government must justify the need to confine him.

## V.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Petitioners' immediate release, subject to conditions that existed prior to his detention on January 8, 2026, along with his personal belongings, including his identification, work permits, and other documentation, and preventing his re-detention absent pre-deprivation notice and a constitutionally adequate pre-deprivation hearing at which the Government will bear the burden to prove by clear and convincing evidence that Petitioner is a danger to the community or a flight risk before Petitioner may be re-detained; and (3) the parties shall file a joint status report no later than seven (7) days from the date of this Order confirming that Petitioner has been released from Respondents' custody.

Additionally, the Petitioner and the Court shall be provided with at least three (3) days notice prior to Petitioner being removed from this jurisdiction.

Dated: May 7, 2026

_____
HON. ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE